UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| PROTECTIVE LIFE INSURANCE COMPANY, et al., | ) ) ) |
| *Plaintiffs* | ) ) Cause No. 3:21-cv-815-RLM-MGG |
| v. | ) ) ) |
| LISA FOSTER, et al., | ) ) ) |
| *Defendants* | |

OPINION AND ORDER

Interpleader plaintiffs Protective Life Insurance Company and Athene Annuity & Life Assurance Company requested and received a clerk's entry of default against Sarah Boylen pursuant to Federal Rule of Civil Procedure 55(a). [Doc. Nos. 28, 29]. Ms. Boylen has filed a motion to vacate the clerk's entry of default and the plaintiffs have filed a motion for default judgment against her. Both motions are ripe, and for the reasons explained in this order, the court grants Ms. Boylen's motion and denies the plaintiffs' motion.

I.   BACKGROUND

In 2011, Liberty Life Insurance Company issued a life insurance policy for Frederick Boylen in the amount of $200,000. The policy listed Lisa Foster as the primary beneficiary and Chad and Sarah Boylen—Frederick Boylen and Lisa Foster's children—as contingent beneficiaries. Athene subsequently acquired Liberty, and Protective became the servicer for Frederick Boylen's policy.

1

Frederick Boylen passed away. The representative of his estate contacted Protective to explain that Frederick Boylen listed Ms. Foster as a beneficiary on the life insurance policy as part of their divorce settlement agreement. The representative told Protective that Frederick Boylen had largely satisfied his obligations to Ms. Foster so the policy proceeds should be distributed to Chad and Sarah Boylen pursuant to the terms of Frederick Boylen's will. Ms. Foster also contacted Protective to assert a claim to the life insurance policy proceeds.

In light of the conflicting claims, Protective and Athene filed this interpleader action under Federal Rule of Civil Procedure 22 against Ms. Foster, Ms. Boylen, and Mr. Boylen to determine who is entitled to the proceeds.

Ms. Boylen didn't timely file an answer or otherwise appear in this case, so the clerk entered default against her on February 28, 2022. Ms. Boylen filed a motion to vacate the clerk's entry of default on April 4, 2022, and the plaintiffs filed a motion for default judgment against her.

## II.   DISCUSSION

In accordance with Federal Rule of Civil Procedure 55(c), "[a]n entry of default may be set aside before entry of judgment upon showing good cause for the defendant's inaction, prompt steps to correct the default, and an arguably meritorious defense to the lawsuit." Parker v. Scheck Mech. Corp., 772 F.3d 502, 505 (7th Cir. 2014) (citing Sun v. Bd. of Trs. of the Univ. of Ill., 473 F.3d 799, 809-810 (7th Cir. 2007)). The standard for setting aside an entry of default is

more lenient than it is for setting aside a default judgment, and it is preferable to resolve cases through a trial on the merits rather than by default judgment. Id. (quoting Cracco v. Vitran Express, Inc., 559 F.3d 625, 630-631 (7th Cir. 2009)); *see also* Arwa Chiropractic, P.C. v. Med-Care Diabetic & Med. Supplies, Inc., 961 F.3d 942, 948 (7th Cir. 2020) (collecting cases distinguishing the standards between entry of default versus default judgment).

Good cause must be interpreted from the standpoint of the judicial action, not the defendant's error. U.S. f/u/b/o Venture Elec. Contractors, Inc. v. Liberty Mut. Ins. Co., No. 17-cv-1473-pp, 2018 WL 4120175, at *6 (E.D. Wis. Aug. 29, 2018). Good cause doesn't "necessarily require a good excuse for the defendant's lapse." JMB Mfg., Inc. v. Child Craft, LLC, 799 F.3d 780, 792 (7th Cir. 2015). There is good cause if inadvertence or an honest misunderstanding caused the default. PNC Bank, Nat'l Assoc. v. Action Sales Grp., LLC, No. 19-cv-720-pp, 2020 WL 1139840, at *3 (E.D. Wis. Mar. 9, 2020) (citations omitted). Courts in this circuit have found good cause if the damages at stake are "disproportionate to the wrong." *E.g.*, U.S. f/u/b/o Venture Elec. Contractors, Inc. v. Liberty Mut. Ins. Co., 2018 WL 4120175, at *6 (emphasis omitted) (quoting Sims v. EGA Prods., Inc., 475 F.3d 865, 868 (7th Cir. 2007)); Yan Fang Jiang v. Hannon Grp., Ltd., No. 14-CV-309-JPS, 2015 WL 541678, at *3 (E.D. Wis. Feb. 10, 2015).

Ms. Boylen argues that there is good cause for her inaction because she didn't think the other parties would seek to extinguish her interests in the policy proceeds. She says she has actively communicated with counsel for the

insurance companies and Ms. Foster throughout this litigation, and she was under the impression that the plaintiffs would simply interplead the funds without taking a position on which of the interested parties would ultimately take the policy proceeds. She says she now hopes to formally participate in the case because Protective has shifted from taking a passive role in the litigation to one that is directly adverse to her interest.

Ms. Boylen also argues that there is good cause to vacate the default because excluding her from this case would potentially cause significant financial harm to her and a windfall to Mr. Boylen if this litigation determines that the Boylens are the proper recipients of the policy funds. "Arguments offered for the first time in a reply are . . . ordinarily deemed waived. Nevertheless, courts have the discretion to overlook a waiver." Landale Signs & Neon, Ltd. V. Runnion Equip. Co., 274 F. Supp. 3d 787, 791 (N.D. Ill. 2017) (quoting Digan v. Euro-Am. Brands, LLC, No. 10 C 799, 2012 WL 668993, at *2 (Bankr. N.D. Ill. Mar. 22, 2012)).

Ms. Boylen has shown that there is good cause to vacate the entry of default. She believed she didn't need to appear in this litigation because she thought Protective wouldn't seek to extinguish her interest. It appears that there was an honest misunderstanding about Protective's posture in the case, and she now seeks to remedy the situation. Moreover, Ms. Boylen's exclusion from the case could result in her losing $100,000 (half of the $200,000 policy)—a loss disproportionate to her error in not joining in the litigation sooner.

4

Chad Boylen opposes Ms. Boylen's motion to vacate; he says that Ms. Boylen willfully ignored the litigation and her "lack of communication" should preclude her from joining the litigation now. Protective and Athene didn't respond to Ms. Boylen's motion, but their reply brief in support of their motion for default judgment similarly accuses Ms. Boylen of sitting "on the sidelines" and questions whether she could have established good cause. [Doc. No.42]. While they are correct that a lack of communication does not excuse compliance with the rules, *see, e.g.*, Pretzel & Stouffer, Chartered v. Imperial Adjusters, Inc., 28 F.3d 42, 45 (7th Cir. 1994), Ms. Boylen's conduct doesn't fall into that category: she was in regular communication with counsel for the other parties in this case and participated "behind the scenes." Mr. Boylen also says that Ms. Boylen doesn't claim any interest in the policy proceeds, and she instead thinks they should be given to Ms. Foster. This mischaracterizes Ms. Boylen's position; her entire point in seeking to vacate the entry of default is to ensure her interest is preserved. Accordingly, Ms. Boylen has shown good cause.

Quick action is "measured by the time between entry of default and the motion to vacate." Jones v. Radey, No. 1:21-cv-163-JPH-TAB, 2022 WL 6580323, at *3 (S.D. Ind. Sept. 26, 2022) (citing Trade Well Int'l v. United Cent. Bank, 825 F.3d 854, 861 (7th Cir. 2016)). There is no set time limit for whether action is prompt, but courts generally find this prong satisfied when the defendant files the motion to vacate within a few days or a few weeks. Sharma v. Big Limos MFG, LLC, No. 17 C 21, 2017 WL 2779798, at *5 (N.D. Ill. June 27, 2017) (citations omitted); Shakur v. Swalls, No. 3:20-cv-00042-GCS, 2021 WL 1784928, at *2

5

(S.D. Ill. May 5, 2021). The inquiry depends on the particular circumstances of the case, Trade Well Int'l v. United Cent. Bank, 825 F.3d at 861, and courts consider whether the other parties were prejudiced by the delay, *e.g.*, Franklin v. PTS of Am., LLC, No. 08-cv-1264, 2009 WL 10682267, at *3 (C.D. Ill. Dec. 30, 2009); Allen Russell Pub., Inc. v. Levy, 109 F.R.D. 315, 319 (N.D. Ill. 1985).

The court made its entry of default on February 28, and Ms. Boylen moved to vacate that order on April 4—five weeks later. Ms. Boylen says she took prompt steps to correct the entry of default because she didn't think she needed to formally involve herself in the case until the end of March 2022, when she learned Protective sought to terminate her interest. Ms. Boylen also says she's prepared to adhere to the current case deadlines, which would minimize any prejudice to the other parties. Mr. Boylen simply responds that five weeks is too long to satisfy the quick action requirement. Protective and Athene haven't opposed Ms. Boylen's motion and don't indicate in their briefing on the motion for default judgment whether they would be prejudiced by permitting Ms. Boylen to re-join the case.

Based on the nature of the case, the relatively short period before Ms. Boylen moved to vacate, and the lack of prejudice that would be caused to the other parties, Ms. Boylen took quick enough action to satisfy this element of the test.

To have a meritorious defense, the defendant must present "more than bare legal conclusions," but she is not required to make "a definitive showing that the defense will prevail." Parker v. Scheck Mech. Corp., 772 F.3d at 505 (citation

6

omitted). A meritorious defense "at least raises a serious question regarding the propriety" of the entry of default. S. Ill. Motor Xpress, Inc. v. KG Admin. Servs., Inc., No. 18-cv-2067-SPM, 2021 WL 632966, at *2 (S.D. Ill. Feb. 18, 2021) (citing Jones v. Phipps, 39 F.3d 158 (7th Cir. 1994)). Losing a claim to an interpleader stake is a meritorious defense. Summit Fin. Res. L.P. v. Big Dog Enter. Logistics, LLC, 07-CV-0187-MJR-CJP, 07-CV-0361-MJR-CJP, 2008 WL 687279, at *2 (S.D. Ill. Mar. 12, 2008) (vacating a default judgment under Rule 60(b)).

Ms. Boylen says Protective originally represented that it wanted to remain neutral in determining which of the interested parties took the insurance proceeds, but it has since changed postures and now seeks to extinguish her interest. She also references her interest in the policy proceeds as a contingent beneficiary and notes that the insurance company plaintiffs interpled her into the case to begin with. Mr. Boylen doesn't address these points in his response, and he instead repeats his contention that Ms. Boylen doesn't believe she is entitled to the policy proceeds. As already discussed, this mischaracterizes Ms. Boylen's position, and it is nonresponsive to whether Ms. Boylen has presented a meritorious defense. Because Ms. Boylen could lose her interest in the policy proceeds, she has successfully presented a serious question regarding whether default against her is proper.

Ms. Boylen has shown that there is good cause, that she took quick action to remedy the default, and that she has a meritorious defense. Accordingly, she has met the requirements for the court to vacate the entry of default against her.

III.     CONCLUSION

The court grants Ms. Boylen's motion to vacate default. [Doc. No. 35]. The court directs the clerk to vacate the entry of default, [Doc. No. 29], and orders Ms. Boylen to file an answer and any counterclaims or crossclaims to the complaint within 21 days. The court also denies the plaintiffs' motion for default judgment. [Doc. No. 36].

SO ORDERED.

ENTERED: <u>November 3, 2022</u>

<u>  /s/ Robert L. Miller, Jr.    </u>
Judge, United States District Court